[Decided March 12, 1888.]

## *HINDMAN *v.* EDGAR.

[S. C. 17 Pac. Rep. 862.]

1. PAROL EVIDENCE TO VARY WRITTEN CONTRACT — CODE, § 692.— In an action to recover money on a note and a written lease, it is not competent for the defendant to prove that at the time the note and lease were made, the plaintiff agreed to take back from the defendant such goods as he might have left, and such hay and grain as might be on the place, at the expiration of the lease, as this would be varying and materially changing by parol evidence the terms of a written agreement, contrary to the provisions of section 692, Hill's Code.

2. IDEM.— It is error to instruct a jury that the terms of a written contract can be affected or varied by a contemporaneous verbal agreement between the parties.

3. ASSUMPSIT — PROPERTY TAKEN IN PAYMENT OF DEBT.— Where property is by a debtor delivered to a creditor to be applied on a debt, the creditor is chargeable with either its value, to be determined by the jury, or with its agreed value, as the fact may be; it is error to charge that the creditor is not liable for the value of such property unless he received it at a stipulated price.

4. LIABILITY OF LANDLORD FOR PROPERTY LEFT BY OUTGOING TENANT.— A landlord is not liable as a purchaser for property left on the leased premises by the outgoing tenant, and which the landlord never accepted.

5. PLEADING — ANSWER TO COMPLAINT CONTAINING SEVERAL CAUSES OF ACTION — CODE, § 73.— In answering a complaint which contains several causes of action, and such answer contains several defenses, each defense pleaded should refer to the cause of action which it is intended to answer as required by section 73 of the Code.

Crook County: J. H. BIRD, Judge.

This is an action to recover two hundred and forty-nine dollars, balance on a promissory note, and four hundred dollars claimed to be due upon a written lease. The answer alleged payment of the note in full, and contains several separate defenses which were relied upon at the trial. It is alleged, by way of further and separate answer, "that at the time of making the said note, and for some time prior thereto, the plaintiff was keeping and

* Not heretofore officially reported.

running a store on the premises described in the complaint, and at the time of making the lease the plaintiff and defendant entered into a verbal contract whereby the defendant sold all goods he had on hand, and received as pay therefor the note set out in plaintiff's complaint, and it was then and there agreed, and made part of said contract, that if the defendant had any goods on hand at the the time of the expiration of said lease, the plaintiff would buy the same of the defendant, and pay him therefor, and that the said agreement was a part of and an inducement for the making of said contract of sale of said goods and store, and it was then and there agreed by and between the plaintiff and defendant that at the expiration of said lease the defendant should sell, and the plaintiff buy and pay the defendant for, all hay and grain that the defendant should have at that time; that in pursuance of said contract and agreement the defendant tendered and delivered to the plaintiff at the expiration of said lease, goods, wares, and merchandise to the full aggregate sum of sixty-eight dollars and forty-eight cents, and hay to the aggregate sum of three hundred and eight dollars, and by agreement the plaintiff was to credit the amount on the defendant's note, and on said amount of rent. The reply put the new matter in the answer in issue. The jury found for the plaintiff in the sum of sixty-eight dollars and forty-eight cents, for which judgment was duly entered, and from which this appeal was taken. Reversed.

*Nicholls & Johns,* for Appellant.

*Geo. H. Barnes,* and *Tilmon Ford,* for Respondent.

MR. CHIEF JUSTICE STRAHAN delivered the opinion of the court:

The appellant makes several assignments of error which we will proceed to notice.

1.  The defendant being on the stand as a witness, his counsel asked him this question: "What were the circumstances under which the note set out in the plaintiff's complaint was given?" To this plaintiff objected; and, his objection being overruled, he excepted, and the witness answered: "At the time of and before said note and contract of lease was signed, the plaintiff agreed to take back from him (defendant) such goods as he (defendant) might have left, and also such hay and grain as he (defendant) might have left on said place at the expiration of said lease." The defendant moved to strike out this answer for the reason that it was incompetent, because its effect was to vary the terms of the written agreement. The motion was overruled, to which an exception was taken. This evidence was clearly incompetent. It brought before the jury for their consideration a contemporaneous parol agreement, the effect of which was to vary and materially change the terms of the written agreement made between the parties. The Code, § 692, provides, in effect, that when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms; and this is declaratory of an elementary rule of evidence. This evidence should have been excluded from the consideration of the jury, and, in refusing to do it, the court erred. There was other evidence of the same character offered and objected to, and admitted notwithstanding the objection, to which exceptions were duly taken. None of the evidence which sought to introduce either an antecedent or contemporaneous parol agreement was competent, and in admitting it the court erred.

2.  The court gave to the jury the following instruction: "The mere fact that the defendant left some store goods and hay on the place when he left would not make the plaintiff in any manner answerable to him therefor, unless you further find that the defendant's allegations in relation to the alleged agreement with the plaintiff con-

cerning said goods and hay have been sustained by a preponderance of the evidence." This instruction, in effect, said to the jury that if the defendant had made the best case before them as to the existence of this alleged parol contemporaneous agreement, they should find according to preponderance of the evidence on that subject, and give effect to such agreement. Such instruction was based on evidence that was incompetent, and was necessarily erroneous. It impliedly, and in effect, told the jury that such antecedent and contemporaneous parol agreement did add to and vary the written agreement, and that the liabilities of the parties were to be measured by such parol agreement, and not exclusively by the writing. This instruction was, therefore, clearly erroneous. The appellant's counsel asked the court to instruct the jury as follows: "I charge you that any evidence tending to show that any undertaking or agreement was had between plaintiff and defendant, at the time of executing said written contracts herein sued on, or at any time prior thereto, tending in any manner to vary the terms of the aforesaid written contracts, must be by you wholly disregarded." This instruction was refused and is a repetition of the same error already pointed out.

3. The plaintiff's counsel also asked the court to give to the jury the following instruction, which was refused: "I charge you that you must not allow any credits to defendant, on said contracts or otherwise, other than cash credits, unless you find that plaintiff agreed to receive, and did receive, the same at an agreed and stipulated price." This instruction was properly refused. If the plaintiff accepted property of the defendant to be applied in payment of said contracts, he thereby became chargeable with its value, and his liability does not depend on whether he had agreed on a stipulated price or not. If no price was agreed upon, the jury could ascertain the value of the property which the plaintiff received from the defendant.

4. The plaintiff also asked the court to instruct the jury as follows: "If you find from the evidence that defendant abandoned the leased premises named in said contract of lease, and left certain or any personal property there, and that the same was left there without the consent of plaintiff, and that the plaintiff had or has not accepted the same as a payment or part payment, at a stipulated price or otherwise, then such personal property cannot be considered by you as a payment or part payment in any manner." This instruction was also refused, and in this we think the court committed error. If the defendant abandoned the premises, and left property there which the plaintiff never accepted, then he was not liable for its value. This, in effect, was what the court refused to instruct the jury, and such refusal was clearly erroneous. If the defendant left any property on the place for the plaintiff when he left or abandoned it, and the plaintiff accepted such property, he thereby became liable to the defendant for its value, without any regard to the alleged contemperaneous parol agreement. In such case his liability depends upon the fact of his acceptance of the property, and in no way upon said alleged agreement.

5. The defendant by his answer has undertaken to plead a number of defenses and counterclaims, but they are presented in such a confused manner that it is somewhat difficult to apply the correct rule of law to each. In preparing the answer no attention whatever seems to have been paid to that requirement of the Code, § 73, which provides that  *   *   *  "the defendant may set forth by answer as many defenses and counterclaims as he may have. They shall each be separately stated, and refer to the causes of action which they are intended to answer in such manner that they may be intelligibly distinguished." It might happen that certain matters would constitute a good defense to one cause of action, but would be no defense whatever to another cause of action pleaded in the same

complaint. In this, and in fact in every case where there are several causes of action set out in the complaint, and the answer contains a number of defenses, the particular causes of action which each defense is intended to meet ought to be designated in the answer. We are led to make these observations by the manner in which counsel for respondent has presented the questions arising on the record in his brief. His argument seems to overlook the state of the record.

Let the judgment be REVERSED and a new trial be awarded.